Filed 10/8/13  P. v. Dean CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B246372 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA073219) |
| v. | |
| DANIEL CARL DEAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hayden Zacky and Shari Silver, Judges.  Affirmed.

Sarah J. Ellenberg for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Daniel Carl Dean, appeals from the judgment entered following his plea of no contest to the felony of assault with a deadly weapon or by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)).[1] The trial court suspended imposition of sentence and granted Dean three years formal probation, the conditions of which included service of 222 days in county jail, performance of "30 days of Caltrans" or "community labor" and compliance with "gang conditions," including registration as a gang member pursuant to section 186.30.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts.*[2]

Robert Green and Dean had been friends for approximately nine years and when, on the evening of March 10, 2012, Dean asked Green if he would drive him to a particular address in Pacoima, Green agreed to do so.  Green recognized the address because he had gone there to purchase marijuana and he assumed that was what Dean intended to do.

When they reached the address, Dean suggested Green open a gate, drive through and park in the backyard.  Green did so and, after he parked, Dean got out of the car, secured the gate, told Green to wait for him, then went inside.

Dean returned to the car accompanied by five other men.  Dean told Green the others had something they wished to say to him.  A man holding a gun and later identified as Contreras then pulled Green from the car.  The six men immediately began to punch and kick Green until he fell to the ground.  Green attempted to protect his head while Dean and the others "continued to kick and stomp on his body and head."  After beating him for approximately five minutes, one of the men reached into Green's pocket and took his cell phone and wallet.  After the men then took items from the trunk of

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     The facts have been taken from the probation report.

2

Green's car, one of the men ordered Green to get into his car and leave. Green immediately left the scene.

The following day, March 11, 2012, Green reported to police he had been robbed the previous night. Officers noted Green "had multiple abrasions on his knees, chest, neck, and face [and] multiple contusions . . . on his back and forearms." In addition, he had a one-inch laceration on his lip.

When he was shown a number of "six-packs," Green identified Tomas Contreras as a man he knew as " 'Happy' " and another man who had beaten him, a man by the name of Carlos Enriquez, as an individual he knew as " 'Risky.' " Both men were known to be members of the Paca Trece gang. Green was of the opinion Dean had " 'gotten with' the wrong people while he was in prison." Although Green had not known Dean to have been a gang member before he went to prison, it seemed to him Dean was, at that time, "definitely affiliated."[3]

Green told police officers "the gang" had taken stereo equipment and a box of tools from his car. Green estimated the value of these items when he purchased them had been approximately $800. It would, however, now cost him much more to replace them.

2. *Procedural history.*

On April 9, 2012, Dean, Contreras and Enriquez were charged by felony complaint with one count of second degree robbery in violation of section 211. It was further alleged with regard to Dean that he previously had been convicted of the serious or violent felony or juvenile adjudication of intimidating witnesses and victims (§ 136.1, subd. (c)(1)) within the meaning of the Three Strikes law (§§ 1170.12, subds. (a)-(d); 667, subds. (b)-(i)), had participated in a crime during which a principal was armed with a firearm (§ 12022, subd. (a)(1)) and had served a prison term pursuant to section 667.5,

---

[3] The pre-plea probation report indicates Dean is affiliated with the Paca Trece gang. In addition, Dean's parole officer indicated, although before he went to prison there had been no documentation showing Dean had been a gang member, after his release "there was evidence he was becoming a gang member[.]" By December 2012, the date the probation report was filed, the parole officer had concluded Dean "was definitely affiliated [with a gang]."

3

subdivision (b) for a 2010 conviction of the unlawful cultivation of marijuana in violation of Health and Safety Code section 11358.

At proceedings held on September 24, 2012, the People added a second count to the complaint. Count 2 charged Dean with assault with a deadly weapon or force likely to produce great bodily injury in violation of section 245, subdivision (a)(4). The count was alleged as a "non-strike." Dean had filled out a "Felony Advisement of Rights, Waiver, and Plea Form" and indicated he wished to enter a plea of no contest to the assault alleged in count 2. When the trial court then inquired, Dean stated he understood he had given up his constitutional rights and would be pleading to a "priorable offense," which meant it could be used against him in the future. The trial court advised Dean that when he was sentenced he would be awarded presentence custody credit for 111 days actually served; he would be ordered to serve 30 days of Caltrans and there would be "gang conditions as a condition of probation." Dean would be required "to register as a gang member . . . unless at the time of the [probation] and [sentencing hearing it was] determined . . . [he was] no longer affiliated with a gang."

After indicating he had no questions regarding the plea form and understood the terms of the plea, Dean pled no contest to "the charge contained in the complaint, count 2, that on or about March 10, 2012, in the County of Los Angeles, [he] committed [the] crime of assault with a deadly weapon, [in violation of ] . . . section 245[, subdivision] (a) . . . (4), a felony[.]" The trial court found Dean had "made a knowing, intelligent waiver of his constitutional rights [and] [h]is plea and admissions [had been] freely and voluntarily made." Dean and his counsel then agreed he would be sentenced on December 4, 2012.

On December 4, 2012, the trial court indicated the parties were present "for [the] probation and sentencing hearing [being held] as a result of the certified plea taken before [a different trial judge] on September 24th, 2012." The court noted Dean was to be placed on three years formal felony probation with "[c]redit [for] time served [as of that day,] [¶] [required to perform] 30 days of Caltrans or community labor [and be subject to] gang condition[s], [including] registration, unless the court determine[d] . . . [Dean did]

4

not have [a] gang affiliation." The trial court continued, indicating it had read the probation report and determined the crime obviously "involved[,] in [the] court's opinion, . . . substantial violence and planning, but [the court had not seen] anywhere whether there was documentation . . . [Dean] was a gang member, although there was reference to [him] likely trying to become a gang member while he was in prison, and since he [had] got[ten] out."

The prosecutor argued that "[a]ccording to the probation report on page 15[,] [Dean was] an affiliated gang member in the Paca Trece Gang. He apparently ha[d] a gang moniker [and] [t]his crime appear[ed] [to] have been [committed] in association with other gang members. [¶] And [the prosecutor's] understanding of the plea agreement was that [as] part of the sentence . . . [Dean] would have gang conditions, unless it was determined . . . he was no longer in a gang at the time of sentenc[ing]." The prosecutor stated he had "no information . . . [indicating Dean was] no longer a gang member."

Counsel for Dean argued the agreement with the People had been that they "were going to talk to the [investigating officer to determine whether Dean was a gang member.]" Defense counsel indicated his notes reflected the People had failed to do so. Counsel suggested Dean be sentenced, the court release him, then set a date for further proceedings "which would give the People time to check with the [investigating officer] [a]nd then if [the officer said] they ha[d] no evidence of . . . any gang connection, the court [could] modify [Dean's] probation, or not."

After the prosecutor stated the probation report indicated the investigating officer had found Dean was involved in "gang activity" with the Paca Trece gang and the parole officer indicated " 'there was evidence . . . [Dean] was becoming a gang member [and] . . . is definitely affiliated now[,]' " the trial court stated it would be "imposing gang conditions" as the crime committed "was a gang crime." The court further stated it appeared Dean had associated with gang members while in state prison and, once released, "continued to associate with people in gang activity."

5

Although defense counsel asserted there had been no gang allegations in the complaint, the trial court informed counsel it had, on numerous occasions, imposed gang conditions on defendants whose probation reports referred to gang activity even though "there [had been] no gang allegations in the information . . . ." The trial court then stated it was "going to impose gang conditions." Defense counsel responded, "I don't have a problem with the court imposing gang conditions as part of [Dean's] probation. But . . . since [there were] no gang allegation[s] filed in this case, and no finding . . . the gang allegation is true, . . . I don't think he should have to be required to register as a gang member . . . ."

After the court recognized the waiver and plea form indicated Dean would be required to "register per [section] 186.30 unless at the time of [probation] and [sentencing] it [was] determined . . . [he] ha[d] no gang affiliation," the court indicated it was going to impose the condition. The court stated: "[Dean] doesn't have to be a shot caller, or an active member. He can be a want to be. He can be an affiliate. He can be [any] of these kinds of things associated with gangs." After it imposed the condition, the trial court indicated it would set a date in January and if Dean wished to come to court and show he was not a gang member, the trial judge who heard the proceeding could order that he did not have to register as a gang member. The trial court stated it would "require [Dean] to register after [that] date."

Dean waived formal arraignment and the trial court entered a judgment of conviction with regard to count 2, the allegation Dean committed assault with a deadly weapon or by means of force likely to produce great bodily injury in violation of section 245, subdivision (a)(4). Then, pursuant to the plea agreement, the court suspended imposition sentence and placed Dean on three years formal felony probation, the conditions of which included service of 222 days in county jail, completion of 30 days of Caltrans or community labor, that he "not . . . associate with or have any contact with persons known . . . to be gang members, gang wanna-be's or gang associates, shot callers, or anyone else associated with criminal street gangs," that he "not . . . own, use or possess any items associated with gang paraphernalia" and that he register as a gang member "no

6

later than January 25th, unless the judge [at the] January 18th [proceedings], delete[d] that . . . condition of probation." The court then awarded Dean presentence custody credit for 111 days actually served and 111 days of conduct credit, or 222 days, ordered him to pay a $240 restitution fine (§ 1202.4, subd. (b)), a suspended $240 probation revocation restitution fine (§ 1202.44), a $40 court operations assessment (§ 1465.8, subd. (a)(1)) and a $30 criminal conviction assessment (Gov. Code, § 70373). The trial court also ordered Dean to pay actual restitution to the victim, Robert Green, in the amount of $820 (§ 1202.4, subd. (f)). The amount was "joint and several with any other co-defendants." Finally, the trial court dismissed all remaining counts and allegations "based upon the continued validity of the plea and sentence."[4]

At proceedings held on January 18, 2013, the trial court, Judge Hayden Zacky, indicated Dean had entered a plea on September 24, 2012 before Judge Lloyd Nash. The trial court stated the transcript of the plea proceedings indicated it had been "agreed . . . there [would] be gang conditions [and Dean would] have to register as a gang member . . . unless at the time of sentencing, [it was] determined . . . Mr. Dean [was] no longer affiliated with a gang." The matter was then transferred to Judge Shari Silver's court where, on December 4, 2012, the judge sentenced Dean pursuant to the plea agreement. "[G]ang conditions were imposed, and Judge Silver ordered [Dean] to register as a gang member" pursuant to section 186.30, subdivision (b)(3). The trial court indicated that under that section "the court can order a defendant to register as a gang member if the court makes findings . . . the crime was gang-related."

Judge Zacky then indicated he was "not going to revisit that issue, because another judge [had] imposed [the condition]." Judge Zacky stated he had read the probation

---

**4** Before the hearing was concluded, the prosecutor indicated Dean had a pending complaint for a number of misdemeanor traffic violations. The trial court informed Dean he had been charged with violating Vehicle Code sections 40508, subdivision (a), 4000, subdivision (a)(1) and 16028, subdivision (a), each of which stemmed from a traffic stop in Calabasas on January 28, 2012. Dean entered pleas of no contest to each of the violations and the trial court sentenced him to 30 days in county jail, then awarded him credit for 30 days and waived any fees or fines related to the charges.

report and, "based on [his] reading of the report, [he understood] why [Judge Silver had] imposed [the] requirement." Judge Zacky believed Dean's remedy, if he thought the registration condition had been improperly imposed, was to file a notice of appeal "and see how the Court of Appeal wants to handle it." The judge indicated "[p]robation [was] going to remain as ordered."

On January 18, 2013, Dean filed a timely notice of appeal. On January 23, 2013, the trial court granted Dean's request for a certificate of probable cause.

## CONTENTIONS

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record.

By notice filed July 15, 2013, the clerk of this court advised Dean to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider. No response has been received to date.

## REVIEW ON APPEAL

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

8

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KLEIN, P. J.

We concur:

CROSKEY, J.

ALDRICH, J.

9